FILED D/F
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ NOV 10 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WENDELL BAIL BONDING CO. #0811,

Plaintiff,

- against -

ANDREW M. CUOMO, ATTORNEY GENERAL OF THE STATE OF NEW YORK,

Defendant.
----------------------------------------------------------X

**ORDER**
10-CV-4022 (SJF) (ETB)

FEUERSTEIN, J.

On August 30, 2010, pro se plaintiff Wendell Bail Bonding Co. ("plaintiff") commenced this action against defendant Andrew M. Cuomo ("defendant"). Before the Court is defendant's motion to dismiss the action pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). [Docket No. 18]. For the reasons that follow, defendant's motion is granted.

I. Background

Since commencing this action, plaintiff has filed, inter alia, two (2) supplemental complaints, a "motion to dismiss," a number of "memoranda of law," and hundreds of pages of exhibits. [See, e.g., Docket Entry Nos. 5, 8, 10, 14, 15, 17, 19, 20, 23-26, 46-52, 54-60, 63-68]. None of plaintiff's submissions, however, describe the factual or legal basis for this action.

On September 29, 2011, the Court issued an order that plaintiff show cause why this

action should not be dismissed for: (1) plaintiff's failure to state a claim upon which relief can be granted, and (2) plaintiff's failure to retain an attorney to represent it in this action. After the order to show cause was issued, plaintiff filed six (6) more "memoranda of law," [Docket Entry Nos. 63-68], which make vague references to the Fifth, Sixth, and Eighth Amendments to the Constitution, [See Docket Entry No. 66], but which fail to clarify the claims in the complaint.

## II. Analysis

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted).

A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949.

In deciding a motion to dismiss, the Court must liberally construe the claims, accept all

factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). However, this standard "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 1949.

A pro se plaintiff's submissions should be construed "liberally," and "interpreted to raise the strongest arguments that they suggest," Treistman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted), but pro se plaintiffs nevertheless "remain subject to the general standard applicable to all civil complaints under the Supreme Court's decisions in Twombly and Iqbal." White v. Vance, No. 10 CV 6142, 2011 WL 2565476, at *2 (S.D.N.Y. June 21, 2011) (citing Schwamborn v. County of Nassau, 348 Fed. Appx. 634, 635 (2d Cir. 2009)).

Although plaintiff's submissions make several references to the United States Constitution, the Court remains unable to discern the nature of plaintiff's claim. As the complaint does not state a claim upon which relief may be granted, this action must be dismissed.[1] The Court need not reach the question of whether plaintiff's claims are barred by the Eleventh Amendment.

---

[1] Furthermore, although this action has been brought in the name of a corporation, no attorney has filed a notice of appearance on plaintiff's behalf. This is a separate and independent reason for dismissal. Analogic Corp. v. Marquis Clearance Svcs., Ltd., 10-CV-3801, 2011 WL 4056295 (E.D.N.Y. Sept. 7, 2011) ((quoting Jones v. Niagara Frontier Transp. Authority, 722 F.2d 20, 22 (2d Cir. 1983)) ("The Second Circuit has long required that corporations appear through licensed attorneys and may not appear pro se.").

## III. Conclusion

For the reasons that follow, the complaint is dismissed without prejudice pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close this case. In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties and record such service on the docket.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: November 10, 2011
Central Islip, NY