```
UNITED STATES DISTRICT COURT                           FILED
EASTERN DISTRICT OF NEW YORK                      IN CLERK'S OFFICE
                                              U S DISTRICT COURT E D N Y
-----------------------------------------------------------X
WENDELL BAIL BONDING CO. #0811,                   ★   MAY 1 6 2012   ★

                    Plaintiff,                     LONG ISLAND OFFICE

            - against -

                                                   ORDER
ANDREW M. CUOMO, ATTORNEY                          10-CV-4022 (SJF) (ETB)
GENERAL OF THE STATE OF NEW YORK,

                    Defendant.
-----------------------------------------------------------X
```

FEUERSTEIN, J.

On August 30, 2010, pro se plaintiff Wendell Bail Bonding Co. ("plaintiff") commenced this action against defendant Andrew M. Cuomo ("defendant"). By order dated November 10, 2011, the Court dismissed the case for: (1) plaintiff's failure to state a cause of action upon which relief can be granted; and (2) the plaintiff corporation's failure to retain an attorney to represent it in connection with this matter. [Docket Entry No. 69]. On December 19, 2011, plaintiff filed a document titled "Notice in FRCP. Rule #4 (a), (5)." [Docket Entry No. 72]. Although the submission is unclear, the Court believes plaintiff may intend the "notice" to serve as either: (1) a motion pursuant to Federal Rule of Civil Procedure 59(e), Federal Rule of Civil Procedure 60(b) and/or Local Civil Rule 6.3, see Docket Entry No. 72 at ¶ 3, or (2) a motion for extension of time to file a notice of appeal, see id. at ¶ 3. See Treistman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (internal quotation marks omitted).

1

A. Motion Pursuant to Fed. R. Civ. P. 59(e), 60(b), or Local Civil Rule 6.3

To the extent the "notice" is intended to serve as a motion under Federal Rule of Civil Procedure 59 or Local Civil Rule 6.3, it is untimely. See Fed. R. Civ. P. 59(e) (noting that a "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment"); Local Rule 6.3 (requiring service within fourteen (14) days).

Even if the "notice" is timely under Rule 60(b), plaintiff's submission does not provide any basis for revisiting the Court's dismissal order. The motion does not identify any fact or law that the Court overlooked or misapprehended, nor does it identify any mistake, surprise, excusable neglect, or other basis for relief. See Fed. R. Civ. P. 60. Nor does plaintiff's most recent submission shed any further light on the nature of his claims.

Furthermore, as the Court has noted in its prior orders, it is settled that corporations must appear in federal court through licensed attorneys. See, e.g., Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007); Analogic Corp. v. Marquis Clearance Svcs., Ltd., 10-CV-3801, 2011 WL 4056295, at *1 (E.D.N.Y. Sept. 7, 2011). As plaintiff has failed to retain counsel, this action cannot proceed, even if the complaint did state a claim upon which relief could be granted.

B. Motion for Extension of Time to File a Notice of Appeal

Given plaintiff's reference to Rule "4(a)," the Court will also interpret plaintiff's submission as a motion for extension of time to file a notice of appeal. See Fed. R. App. P. 4(a)(5). Any such application, however, must fail because plaintiff has not shown that his failure to meet the thirty (30)-day deadline was the result of "excusable neglect or good cause." See

Fed. R. App. P. 4(a)(5)(A)(ii); Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG, No. 04 Civ. 3600 (SHS), 2010 WL 479658, at *1 (S.D.N.Y. Feb. 5, 2010).

\* \* \*

For the foregoing reasons, plaintiff's motion is denied in its entirety. In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties, including mailing a copy of this order to the pro se plaintiff, and shall record such service on the docket.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: May 16, 2012
Central Islip, New York